UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GINA CIPRIANI SPINA and JOSEPH SPINA,

      Plaintiffs,

- against -

LU FENG LIU, UNITED STATES OF AMERICA AND KATHERINE R. REID,

      Defendants.

20-cv-9368 (JGK)

OPINION AND ORDER

---

JOHN G. KOELTL, District Judge:

  The plaintiffs, Gina Cipriani Spina and Joseph Spina, brought this action against Lu Feng Liu, Katherine Rose Warner, and Katherine R. Reid in the New York State Supreme Court, Kings County, alleging negligence in connection with an automobile accident. Pursuant to 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 2679(d)(2), the United States was substituted as a defendant for Katherine Rose Warner and the action was removed to federal court based on a certification by the Attorney General that, during the accident out of which the claims arose, Warner was acting within the scope of her employment.

  The United States now moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The plaintiffs cross-move to challenge the substitution of the United States for Warner, to oppose the dismissal, and to remand the action to state court. For the

reasons stated below, the motion to dismiss is **granted** and the case is **remanded** to state court.

I

The following facts are drawn from the complaint filed in the New York State Supreme Court ("Compl.") and the declarations and documents filed in connection with the parties' motions.

The plaintiffs are residents of New Jersey. Compl. ¶ 1. Liu is a resident of New York. Compl. ¶ 2. Warner is a resident of Pennsylvania. Compl. ¶ 3. Reid is Warner's maiden name and the parties do not dispute that Reid and Warner are the same person. Warner Second Decl. ¶ 2, ECF No. 30.

On Sunday, November 5, 2017, at approximately 1:28 p.m., the vehicle operated by Liu collided with another vehicle, causing a chain reaction which caused the vehicle operated by Warner, registered under her maiden name, to collide with the rear of the vehicle operated and occupied by the plaintiffs. Compl. ¶ 11. The plaintiffs allege that the collisions were a result of the defendants' negligence. Compl. ¶¶ 14-15.

Warner is an employee of the United States Nuclear Regulatory Commission ("NRC"). Warner Second Decl. ¶ 1. When the accident occurred, Warner was traveling to an inspection of a nuclear site in Waterford, Connecticut, and she had approval to use her personal vehicle for the trip. Id. ¶¶ 3-5, Ex. C at 2. The NRC Management Directive 14.1 entitled "Official Temporary

Duty Travel," pursuant to which Warner's use of her personal vehicle was approved, provides that "NRC may authorize use of a [privately owned vehicles] for official travel if it is advantageous to the Government." Id. ¶ 4, Ex. A at 31. Because the inspection was to occur at 6 a.m. the following morning, Warner was required to depart for the inspection on a Sunday. Id. ¶ 5. After the accident, Warner continued driving to her hotel. Id. ¶ 6. On Monday, November 6, 2017, Warner began conducting the inspection. Id. ¶ 7. On Thursday, November 10, 2017, Warner returned home to Lincoln University, Pennsylvania. Id. ¶ 8. Warner requested and received reimbursement from her employer for the car trip. Id. ¶¶ 9-10. Warner received $366.48 for the authorized use of her personal vehicle. Id. Ex. B at 2. Warner also received compensatory pay for the 6-hour duration of her car ride on November 5, 2017. Id. Ex. C at 2.

The plaintiffs did not file an administrative claim with the NRC. Baum Decl. ¶¶ 4-5. On July 6, 2020, the plaintiffs filed the complaint in the New York State Supreme Court, Kings County. On November 2, 2020, the United States filed a Notice of Removal and the action was removed to the United States District Court for the Eastern District of New York. ECF No. 1, Ex. C, at 1. In the Notice of Removal, the Government certified that Katherine Rose Warner was acting within the scope of her employment as a deemed employee of the Government for purposes

3

of the Federal Tort Claims Act ("FTCA") at the time of the incident out of which the claims alleged in the Complaint arose. Id. On November 9, 2020, venue was transferred to this Court upon a joint stipulation by the parties. ECF No. 3, at 3.

## II

In deciding a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), a district court may consider evidence outside the pleadings. Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986).[1] "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

## III

The Government argues that it was properly substituted for Warner[2] and that, due to the plaintiffs' failure to exhaust administrative remedies before bringing the action, the Court lacks subject matter jurisdiction over the claim against it.

The plaintiffs argue that a dismissal of the Government would be premature because the Government has not proven that Warner was acting within the scope of her employment at the time of the accident to obtain the protections of the FTCA. If Warner

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.
[2] Because the parties do not dispute that Reid is Warner's maiden name and that they are the same person, the conclusion as to Warner will apply to Reid.

4

was not acting within the scope of her employment, the plaintiffs urge that the motion to dismiss should be denied and the case should be remanded to state court. Alternatively, if Warner is found to have been acting in the course of her employment, the plaintiffs argue that the time to file for an administrative remedy should be equitably tolled and the case should not be dismissed for failure to exhaust administrative remedies.

**A**

The FTCA provides a limited waiver of sovereign immunity for claims "arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 2679(b)(1). In any such action,

> [u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed . . . to the district court . . . and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(2); see also Fountain v. Karim, 838 F.3d 129, 133 n.3 (2d Cir. 2016). As it relates to removal, this "forum-selecting rule [is] conclusive, beyond the ken of

5

district courts to revise." Osborn v. Haley, 549 U.S. 225, 244 (2007). But as it relates to substitution of the defendant, district courts will conduct de novo review of a 28 U.S.C. § 2679(d) certification if a plaintiff "alleges with particularity facts relevant to the scope-of-employment issue." McHugh v. Univ. of Vermont, 966 F.2d 67, 72-74 (2d Cir. 1992); see also Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 436-37 (1995). In conducting such review, a district court applies state-law principles pertaining to when tortious conduct falls within the scope of a party's employment. See McHugh, 966 F.2d at 75; United States v. Tomscha, 150 F. App'x 18, 19 (2d Cir. 2005); Cronin v. Hertz Corp., 818 F.2d 1064, 1065 (2d Cir. 1987).[3] "Under New York law, an employee acts within the scope of his employment when (1) the employer is, or could be, exercising some control, directly or indirectly, over the employee's activities, and (2) the employee is doing something in furtherance of the duties he owes to his employer." Fountain v. Karim, 838 F.3d 129, 135 (2d Cir. 2016); see also Carlson v. Am. Int'l Grp., Inc., 89 N.E.3d 490, 500 n.6 (N.Y. 2017).

As an initial matter, the plaintiffs do not allege with particularity any facts sufficient to trigger de novo review of the scope-of-employment determination. Instead, the plaintiffs

---

[3] The parties rely on New York law in their papers when discussing the issue of scope of employment. "Such implied consent . . . is sufficient to establish choice of law." Motorola Credit Corp. v. Uzan, 388 F.3d 39, 61 (2d Cir. 2004).

6

hypothesize that because the accident occurred on a Sunday, it is doubtful that Warner was acting within the scope of her employment when she was driving her personal car. The plaintiffs also speculate that Warner could have stopped to see friends during her car trip to Connecticut. But conjecture and speculation do not add up to particular facts sufficient to challenge the Attorney General's certification. See Coalts-Young v. Glens Falls Hosp., No. 14-cv-271, 2014 WL 6474855, at *5 (N.D.N.Y. Nov. 19, 2014) ("[P]laintiffs' submissions are rife with conjecture and speculation, and fail to rebut the certification provided by the United States Attorney . . . ."); see also Marley v. Ibelli, 52 F. App'x 564, 566 (2d Cir. 2002) (summary order) (holding that the plaintiff's "subjective belief" that conduct was outside the scope of federal employment was not sufficient to refute with particularity the scope of employment certification); Aryai v. Forfeiture Support Assocs., 25 F. Supp. 3d 376, 390 (S.D.N.Y. 2012) (noting that "conclusory statements hardly suffice to refute in particularity the scope of employment certification").

In any event, after additional submissions, the evidence submitted by the Government persuasively establishes that Warner was acting within the scope of her employment duties at the time of the incident. There is no question that Warner is an employee of a Government agency. Furthermore, based on the authorization

7

provided to her because it was advantageous to the Government, Warner used her personal car to drive to the nuclear site in Connecticut. She had to do so on the afternoon before the inspection because the inspection was to occur in the early morning hours the following day. She requested and received both reimbursement for the use of her personal car and compensation for the duration of the trip. It is plain that Warner's car trip was furthering the duties she owed the employer because its purpose was the inspection of the nuclear site in Connecticut and because the use of her personal car was advantageous to the Government. Furthermore, by scheduling the inspection in the early morning hours of the following day, the employer indirectly controlled the timing of Warner's trip to Connecticut on the afternoon of the previous day. Moreover, nothing in the record suggests that Warner used the trip for personal ends. On the contrary, in her declaration, Warner states that the trip was limited to her arrival at the hotel, the inspection, and a return home.

The plaintiffs do not contest any of these facts. Instead, the plaintiffs argue that Warner was not acting in the scope of her employment because under New York law, "[a]s a general rule, an employee driving to and from work is not acting in the scope of his employment." See <u>Lundberg v. State</u>, 255 N.E.2d 177, 179 (N.Y. 1969). However, the New York Court of Appeals in <u>Lundberg</u>

8

was careful to distinguish "an employee who uses his car in furtherance of his work . . . since such a person is working, and is under his employer's control, from the time he leaves the house in the morning until he returns at night," id., in which case the employee is acting in the scope of the employee's employment when the employee is driving. In this case, Warner used her car in furtherance of her work—she was indeed compensated for the duration of the car trip—rather than merely driving in the course of an everyday commute or engaging in personal activity. See Shauntz v. Schwegler Bros., Inc., 20 N.Y.S. 2d 198, 199-201 (App. Div. 1940) (collecting cases); see also Hamm v. United States, 483 F.3d 135, 138 (2d Cir. 2007) (distinguishing cases of ordinary commutes from cases where an employee travels because the employee is ordered to perform a specific duty which had been assigned to the employee).

Accordingly, because Warner was acting within the scope of her employment, the United State was properly substituted for her and should also be substituted for Reid.

**B**

Under the FTCA, a plaintiff must exhaust administrative remedies prior to bringing a tort claim against the United States. The FTCA states in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or

9

> personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing.

28 U.S.C. § 2675(a). The exhaustion requirement is "strictly construed." Johnson v. Smithsonian Inst., 189 F.3d 180, 189 (2d Cir. 1999); see also Bright-Asante v. Wagner, No. 15-cv-9110, 2017 WL 6948359, at *9 (S.D.N.Y. Dec. 1, 2017). A plaintiff bears the burden to plead and prove compliance with the exhaustion requirements of the FTCA. See In re Agent Orange Prod. Liab. Litig., 818 F.2d 210, 214 (2d Cir. 1987); Bright-Asante, 2017 WL 6948359, at *9. Where a plaintiff fails to exhaust administrative remedies, the district court lacks subject matter jurisdiction over the FTCA claims. Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005); Davila v. Gutierrez, 330 F. Supp. 3d 925, 936 (S.D.N.Y. 2018).

In this case, there is no dispute that the plaintiffs have not followed the requisite administrative process to exhaust their claims before filing suit in court. Accordingly, the Court does not have subject matter jurisdiction with respect to the claim against the United States.

## C

The plaintiffs argue that, even if Warner was acting within the scope of her employment and the United States is therefore properly substituted, equitable tolling should bar dismissal of the action for failure to exhaust administrative remedies.

This argument fails because it misconstrues the relevance of equitable tolling to the posture of this case. While equitable tolling is available to time limits under the FTCA, see United States v. Kwai Fun Wong, 575 U.S. 402, 412 (2015), this does not "disturb the well-established principle that certain prerequisites to filing suit under the FTCA, such as exhaustion of administrative remedies, are jurisdictional in nature, and are not subject to waiver or tolling." Mohamed v. F.B.I., No. 14-cv-7615, 2015 WL 6437369, at *6 (S.D.N.Y. Oct. 21, 2015) (collecting post-Wong cases in which courts dismissed FTCA claims for failure to exhaust administrative remedies on jurisdictional grounds). Therefore, regardless of any tolling that may ultimately apply, the plaintiffs still need to first exhaust their claims through the administrative process.

Towards that end, the FTCA contains a savings provision, 28 U.S.C. § 2679(d)(5), that "ensures that state court actions removed to federal court [and dismissed for failure to exhaust] will still be considered timely if (1) the claim would have been timely had it been filed on the date that the underlying civil

11

action was commenced, and (2) the claim is presented to the relevant Federal administrative agency within sixty days after the dismissal of the civil action." Celestine, 403 F.3d at 83; see also 28 U.S.C. § 2679(d).

In this case, the parties do not dispute that the claim accrued at the time of the accident on November 5, 2017. An administrative claim under the FTCA must be presented within two years after such claim accrues. 28 U.S.C. 2401(b). The administrative claim therefore would be barred today and would have been barred on July 6, 2020, when the plaintiffs filed their complaints in the New York State Court, and the administrative claim would not be saved by the savings provision in 28 U.S.C. § 2679(d)(5). In a subsequent action, after the plaintiffs have exhausted their administrative remedies, the plaintiff may be able to rely on equitable tolling to rebut a statute-of-limitations defense. See Obispo v. Bronx Lebanon Hosp., No. 19-cv-2815, 2019 WL 6870996, at *6 n.6 (S.D.N.Y. Dec. 17, 2019) (Report and Recommendation) ("[T]he issue [of equitable tolling] is appropriately raised not in this lawsuit but rather in any new lawsuit that [the plaintiff] may file in the event [the plaintiff] timely files an administrative claim, the claim is denied, and the Government raises the statute of limitations as a defense to the new lawsuit.").

Accordingly, even time-barred claims should be dismissed without prejudice to permit the plaintiff to exhaust the administrative requirements first and to plead equitable tolling in the subsequent action. See Saleh v. Holder, 470 F. App'x 43, 44 (2d Cir. 2012) ("[T]he proper course of action is . . . to dismiss the claims without prejudice to allow the litigant to institute a separate new action once exhaustion has been completed."); see also McIntosh v. United States, No. 15-CV-2442, 2018 WL 1275119, at *7 (S.D.N.Y. Mar. 7, 2018) (dismissing the plaintiff's unexhausted FTCA claims without prejudice to permit exhaustion of his administrative remedies and that, if the administrative claim is untimely, the plaintiff can seek equitable tolling in the subsequent action).

Accordingly, the claims against the United States are dismissed without prejudice to further administrative proceedings.

**D**

Having dismissed the United States from the case, a question remains about the remainder of the action.

28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The basis for removal of this action from state court was the claim against Warner which, after the substitution pursuant to the FTCA, was a

13

claim against the United States. Therefore, the dismissal of the United States eliminated the only properly established basis for subject matter jurisdiction.[4] Accordingly, the action against the remaining defendant is remanded to the New York State Supreme Court, Kings County. See Porter v. Hirsch, 345 F. Supp. 2d 400, 404 (S.D.N.Y. 2004) (remanding an action to state court after the dismissal of the United States in an action originally removed pursuant to the FTCA); see also Stark v. Tryon, 171 F. Supp. 3d 35, 42 (D. Conn. 2016); J.S.R. v. Wash. Hosp. Ctr. Corp., 667 F. Supp. 2d 83, 85 (D.D.C. 2009).

**CONCLUSION**

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, the motion to dismiss as to the United States is **granted** and the case is **remanded** to the state court.

The Clerk of the Court is directed to substitute the United States for defendant Reid. The Clerk is also directed to **dismiss** the United States without prejudice to further administrative

---

[4] While there is diversity of citizenship among the remaining parties, this basis for subject matter jurisdiction was never asserted by the remaining defendant. The "[n]on-federal [d]efendant[] never removed this case. The United States removed it and removed it only on the basis of federal question jurisdiction. The fact that [the] [n]on-federal [d]efendant[] might have removed the case on the basis of diversity is irrelevant -- that factual scenario simply never existed." J.S.R., 667 F. Supp. 2d at 85. Indeed, in this case, the plaintiffs have sought to remand this case to state court and the remaining defendant never sought to remove the case to federal court and does not resist remand to the state court.

14

proceedings and to **remand** this action to the New York State Supreme Court, Kings County.

The Clerk of the Court is also directed to close docket numbers 23 and 28 and to close the case on the docket of this Court.

**SO ORDERED.**

**Dated:**     **New York, New York**
             **May 28, 2021**

                                                        John G. Koeltl
                                        United States District Judge